THE STATE EX REL. DEWINE, ATTY. GEN., ET AL., APPELLANTS, *v.*
BURGE, JUDGE, APPELLEE.

[Cite as *State ex rel. DeWine v. Burge,* **128 Ohio St.3d 236, 2011-Ohio-235.**]

*Common pleas court judge lacked jurisdiction to remedy a Crim.R. 32(C) defect
by granting a judgment of acquittal — Court of appeals' judgment
denying writ of prohibition reversed — Writ of prohibition issued to
compel judge to vacate the judgment of acquittal and to issue a corrected
sentencing entry.*

(No. 2010-1216 — Submitted January 4, 2011 — Decided January 27, 2011.)

APPEAL from the Court of Appeals for Lorain County, Nos. 09CA009723 and
09CA009724, 2010-Ohio-3009.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment of the court of appeals dismissing a claim for a writ of prohibition to compel a common pleas court judge to vacate a judgment of acquittal in a criminal case and to issue a corrected sentencing entry pursuant to applicable precedent and return the defendant to prison. Because the judge patently and unambiguously lacked jurisdiction to remedy a Crim.R. 32(C) defect by granting a judgment of acquittal, we reverse the judgment of the court of appeals and grant the writ.

**Facts**

*Criminal Proceedings*

{¶ 2} In 1994, a jury convicted Nancy Smith and Joseph Allen of numerous sex offenses involving children enrolled in the Lorain Head Start Program. In the Lorain County Court of Common Pleas' sentencing entries for Smith and Allen, the court noted that they had appeared in court for sentencing

"after having been found guilty" of the various offenses. The sentencing entries did not specify the manner of the convictions–that Smith and Allen had been found guilty by a jury. Smith and Allen were both sentenced to lengthy prison terms. On appeal, the Court of Appeals for Lorain County affirmed the convictions and sentences. See *State v. Smith* (Jan. 24, 1996), Lorain App. No. 95CA006070, 1996 WL 27908, and *State v. Allen* (Feb. 7, 1996), Lorain App. No. 94CA005944, 1996 WL 48550.

{¶ 3} In 2008, Smith filed a motion for reconsideration of her sentence. In 2009, Allen filed a motion for resentencing. The defendants claimed that their August 1994 sentencing entries did not comply with Crim.R. 32(C) and thus did not constitute final, appealable orders. Appellee, Lorain County Court of Common Pleas Judge James M. Burge, who succeeded the judge who had sentenced the defendants to prison, granted the motions and vacated the convictions and sentences. Judge Burge ruled that the court's jurisdiction included "the preparation of a corrected sentencing entry or, in the court's discretion, a resentencing." On June 24, 2009, Judge Burge entered judgments of acquittal pursuant to Crim.R. 29(C) for both Smith and Allen, discharged them, and ordered the Lorain County Sheriff's Department to remove them from the sex-offender registration and notification system.

*Prohibition Cases*

{¶ 4} In December 2009, appellants, Richard Cordray, who was the Ohio Attorney General at the time,[1] and Lorain County Prosecuting Attorney Dennis Will, filed complaints in the Court of Appeals for Lorain County for writs of prohibition to compel Judge Burge to vacate his orders acquitting the defendants

---

[1] Effective January 10, 2011, Michael DeWine replaced Richard Cordray as Ohio Attorney General.

and to order their return to prison. Judge Burge filed motions for judgment on the pleadings and for leave to file answers instanter.

{¶ 5} The court of appeals dismissed the prohibition claim concerning Smith's acquittal for failure to state a claim upon which relief can be granted. *State ex rel. Cordray v. Burge*, Lorain App. Nos. 09CA009723 and 09CA009724, 2010-Ohio-3009, ¶ 29, 36. The court of appeals determined that Judge Burge did not patently and unambiguously lack jurisdiction to reconsider the court's earlier denial of Smith's timely Crim.R. 29(C) motion for acquittal. Id. The court of appeals did, however, issue a writ of prohibition vacating Judge Burge's acquittal of Allen because, unlike Smith, Allen had not filed a timely motion for acquittal pursuant to Crim.R. 29(C). Id. at ¶ 30, 34, 36.

{¶ 6} This cause is now before the court upon the appeal as of right by the attorney general and the prosecuting attorney regarding the court of appeals' refusal to issue a writ in relation to Smith.

## Legal Analysis

### *Prohibition*

{¶ 7} To be entitled to the requested writ of prohibition vacating Smith's acquittal, the appellants were required to show that Judge Burge patently and unambiguously lacked jurisdiction to enter the judgment of acquittal. *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12.

### *Crim.R. 32(C)*

{¶ 8} Crim.R. 32(C) provides that a "judgment of conviction shall set forth the plea, the verdict, or findings upon which each conviction is based, and the sentence." In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, we explained this requirement by holding that a "judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the

conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."

{¶ 9} Appellants initially assert that Judge Burge patently and unambiguously lacked jurisdiction to vacate Smith's convictions and sentence because the original sentencing entry complied with Crim.R. 32(C).

{¶ 10} For the following reasons, appellants' assertion lacks merit.

{¶ 11} First, according to the court of appeals' opinion, the state agreed that Smith's sentencing entry did not constitute a final, appealable order. See *State v. Smith*, Lorain App. Nos. 09CA009634 and 09CA009635, 2010-Ohio-3007, ¶ 3 ("the parties briefed the question and the State conceded that the 1994 judgment of conviction was not final"). A " 'party is not permitted to take advantage of an error that he himself invited or induced the court to make.' " *Webber v. Kelly*, 120 Ohio St.3d 440, 2008-Ohio-6695, 900 N.E.2d 175, ¶ 7, quoting *Davis v. Wolfe* (2001), 92 Ohio St.3d 549, 552, 751 N.E.2d 1051.

{¶ 12} Second, appellants themselves, in their complaint for extraordinary relief in prohibition, requested that Judge Burge "issue a corrected sentence pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330 [893 N.E.2d 163]." Again, appellants thus invited any error by the court of appeals in holding that Smith's sentencing entry did not comply with Crim.R. 32(C) and *Baker*. *Webber* at ¶ 7.

{¶ 13} Finally, Smith's sentencing entry did not comply with Crim.R. 32(C). In *Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶ 14, we found that under Crim.R. 32(C), "a trial court is required to sign and journalize a document memorializing the sentence *and the manner of the conviction*: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." (Emphasis added.) Smith's sentencing entry recited

only that she had been found guilty of the various offenses and did not disclose that she had been found guilty by a jury.

{¶ 14} Contrary to appellants' assertion, our holding in *State ex rel. Barr v. Sutula*, 126 Ohio St.3d 193, 2010-Ohio-3213, 931 N.E.2d 1078, does not require a different result. In that case, we held that a sentencing entry in a criminal case in which the defendant had been found guilty by the court after a bench trial complied with Crim.R. 32(C) because it contained language that the defendant had been found guilty by the court. By contrast, here, the sentencing entry did not disclose that Smith had been found guilty by a jury. *Barr* did not overrule *Baker*.

{¶ 15} Therefore, appellants' first contention lacks merit.

*Remedy for Correcting a Sentencing Entry that*

*Does Not Comply with Crim.R. 32(C)*

{¶ 16} Appellants next claim that Judge Burge's jurisdiction to correct the Crim.R. 32(C) deficiency in Smith's sentencing entry was limited to issuing a nunc pro tunc entry correcting it.

{¶ 17} Pursuant to Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." "[C]ourts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. "[N]unc pro tunc entries 'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.' " *Mayer*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288. A nunc pro tunc entry is often used to correct a sentencing entry that, because of a mere oversight or omission, does not comply with Crim.R. 32(C). See, e.g., *State v. Havugiyaremye*, Lucas App. No. L-08-1201, 2010-

Ohio-4204, ¶ 1, fn. 1; *State v. Evans*, Medina App. No. 09CA0102-M, 2010-Ohio-2514, ¶ 2.

{¶ 18} Consistent with the treatment of Crim.R. 32(C) errors as clerical mistakes that can be remedied by a nunc pro tunc entry, we have expressly held that "the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing." *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2; see also *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 10-11 (a defendant is entitled to a sentencing entry that complies with Crim.R. 32(C)); *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, ¶ 10 (when a trial court fails to comply with Crim.R. 32(C), "the appropriate remedy is correcting the journal entry").

{¶ 19} This result is logical. The trial court and the parties all proceeded under the presumption that the sentencing entry for Smith constituted a final, appealable order. Any failure to comply with Crim.R. 32(C) was a mere oversight that vested the trial court with *specific, limited jurisdiction* to issue a new sentencing entry to reflect what the court had previously ruled and not to issue a new sentencing order reflecting what, in a successive judge's opinion, the court should have ruled. These circumstances are thus distinguishable from egregious defects, such as an entry that is not journalized, that permit a court to vacate its previous orders. Cf. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 337-338, 686 N.E.2d 267. Moreover, the technical failure to comply with Crim.R. 32(C) by not including the manner of conviction in Smith's sentence is not a violation of a *statutorily* mandated term, so it does not render the judgment a nullity. Cf. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 10-12, quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267-268, 39 O.O.2d 414, 227 N.E.2d 223; see also *State v. Fischer*, 128 Ohio St.3d 92, 2010-

Ohio-6238, 942 N.E.2d 332, ¶ 39 ("fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error").

{¶ 20} Contrary to Judge Burge's assertion, *McAllister v. Smith*, 119 Ohio St.3d 163, 2008-Ohio-3881, 892 N.E.2d 914, ¶ 9, and *Mitchell v. Smith*, 120 Ohio St.3d 278, 2008-Ohio-6108, 898 N.E.2d 47, ¶ 1, do not warrant a different result. In those cases, we observed that the appropriate remedy for a violation of Crim.R. 32(C) is "resentencing." But we did not suggest that this term encompassed anything more than issuing a corrected sentencing entry that complies with Crim.R. 32(C). And by granting judgments of acquittal that the previous trial court judge had not, Judge Burge did far more than simply "resentence" Smith and Allen.

{¶ 21} Based on the foregoing, Judge Burge patently and unambiguously lacked jurisdiction to vacate Smith's convictions and sentence when his authority was limited to issuing a corrected sentencing entry that complies with Crim.R. 32(C).

### Judge Burge's Claim

{¶ 22} Judge Burge, in his appellate brief, asserts that the court of appeals erred in granting a writ of prohibition vacating his acquittal of Allen. The judge, however, did not appeal from this judgment, and his argument is thus not properly before us.

### Conclusion

{¶ 23} The court of appeals erred in dismissing appellants' prohibition claim against Judge Burge concerning Smith's criminal case. We reverse the judgment of the court of appeals and grant the writ of prohibition to compel Judge Burge to vacate his acquittal of Smith and to issue a corrected sentencing entry that complies with Crim.R. 32(C).

Judgment reversed

and writ granted.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, CUPP, and McGEE BROWN, JJ., concur.

PFEIFER, J., concurs in judgment only.

LANZINGER, J., concurs separately.

_____

**Lanzinger, J., concurring.**

{¶ 24} I concur in the court's opinion, but write separately to note that our decision today leaves open the question whether new appellate rights arise from a new sentencing entry issued in order to comply with Crim.R. 32(C).[2] We have held that a sentencing entry that violates Crim.R. 32(C) renders that entry nonappealable. *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 9. In light of the facts of the present case, we eventually will need to determine what effect an appellate decision has when the appellate court's jurisdiction was premised upon a sentencing entry that violated Crim.R. 32(C) and was thus nonappealable.

_____

Michael DeWine, Attorney General, Benjamin C. Mizer, Solicitor General, David M. Lieberman, Deputy Solicitor, and M. Scott Criss, Assistant Attorney General; and Dennis P. Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellants.

James M. Burge, pro se.

_____

[2] The state has raised this issue in its second proposition of law in *State v. Allen*, case No. 2010-1342, 126 Ohio St.3d 1615, 2010-Ohio-5101, 935 N.E.2d 854, and *State v. Smith*, case No. 2010-1345, 126 Ohio St.3d 1615, 2010-Ohio-5101, 935 N.E.2d 854, both of which we accepted for review and held for our decision in this case. The issue is also pending in *State v. Lester*, which we agreed to review on order of a certified conflict and on a discretionary appeal, case Nos. 2010-1007, 126 Ohio St.3d 1581, 2010-Ohio-4542, 934 N.E.2d 354, and 2010-1372, 126 Ohio St.3d 1579, 2010-Ohio-4542, 934 N.E.2d 353.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.

Timothy Young, Ohio Public Defender, and E. Kelly Mihocik, Assistant Public Defender, urging affirmance for amicus curiae Ohio Public Defender.

_____