O’Donnell, J.,
dissenting.
{¶ 4} I respectfully dissent and would grant the motions for reconsideration filed in this case to clarify our decision in State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, in which we declared that a judgment of *1231 conviction that fails to indicate the manner of conviction does not comply with Crim.R. 32(C) and is therefore not a final appealable order. The plain language of Crim.R. 32(C) requires only that “[a] judgment of conviction * * * set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence”; it does not direct a trial court to specify the “manner of conviction.”
{¶ 5} Accordingly, it is now my view that the original judgment of conviction entered in 1994 complied with Crim.R. 32(C) and constituted a final appealable order. Thus, the writ we granted should have been limited to compelling Judge Burge to vacate his acquittal of Nancy Smith and should not have directed the judge to correct the prior judgment to indicate the manner of conviction. For this reason, reconsideration should be granted.
{¶ 6} In 1994, a jury convicted Nancy Smith and Joseph Allen of multiple sex offenses and the court sentenced them to terms of incarceration pursuant to those convictions. Following our decision in Baker, Smith and Allen moved the trial court to resentence them because the sentencing entries did not include the manner of conviction. In considering their motions, the trial court found that the judgments of conviction did not comply with Crim.R. 32(C) as construed by Baker and therefore did not constitute final appealable orders. Rather than resentenc-ing Smith and Allen, however, the trial court acquitted them and ordered that they be released from incarceration.
{¶ 7} Both the Ohio attorney general and the Lorain County prosecuting attorney filed complaints in the Ninth District Court of Appeals seeking writs of prohibition to compel the court to vacate its acquittal, issue new sentencing entries correcting any errors, and return Smith and Allen to prison. The court of appeals dismissed the complaint as to Smith, holding that the trial court did not patently and unambiguously lack jurisdiction to acquit her, but it granted the writ as to Allen because Allen had not timely moved for acquittal pursuant to Crim.R. 29(C). State ex rel. Cordray v. Burge, Lorain App. Nos. 09CA009723 and 09CA009724, 2010-Ohio-3009, 2010 WL 2622506, ¶ 29, 30, 34, and 36.
{¶ 8} The state appealed the appellate court’s dismissal of the prohibition claim as to Smith to this court. We reversed, granted the writ, and held that although the judgment of conviction entered in Smith’s case did not comply with Crim.R. 32(C), the trial court nonetheless had “limited jurisdiction ” to simply correct the judgment of conviction by entry of nunc pro tunc journal entry. (Emphasis sic.) State ex rel. DeWine v. Burge, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 19. We concluded that “Judge Burge patently and unambiguously lacked jurisdiction to vacate Smith’s convictions and sentence when his authority was limited to issuing a corrected sentencing entry that complies with Crim.R. 32(C).” Id. at ¶ 21.
*1232 {¶ 9} On reconsideration, however, a careful review of the record and the plain language of Crim.R. 32(C) reveals that the 1994 judgment of conviction had in fact complied with Crim.R. 32(C) at the time the court entered it more than 15 years ago.
Crim.R. 32(C)
{¶ 10} Prior to the adoption of Crim.R. 32(C), Ohio jurisprudence required a finding of guilt and a sentence in order for a conviction to be considered a final appealable order. See State v. Thomas (1964), 175 Ohio St. 563, 26 O.O.2d 253, 197 N.E.2d 197, syllabus; State v. Chamberlain (1964), 177 Ohio St. 104, 106-107, 29 O.O.2d 268, 202 N.E.2d 695.
{¶ 11} The court adopted Crim.R. 32(C), effective July 1, 1973, and as amended, it now provides: “A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.”
{¶ 12} In cases decided after the adoption of this rule, we have recognized that a judgment of conviction is composed of two essential elements: the adjudication of guilt and the sentence. See, e.g., State v. Poindexter (1988), 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (“ ‘conviction’ includes both the guilt determination and the penalty imposition” [emphasis sic]); State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 24 (“a ‘conviction’ consists of a guilty verdict and the imposition of a sentence or penalty” [emphasis sic]). Cf. State v. Tuomala, 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272, ¶ 14-15 (explaining that no judgment of conviction is entered when a defendant is found not guilty by reason of insanity).
{¶ 13} The Crim.R. 32(C) directive that “[a] judgment of conviction * * * set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence,” does not require a trial court to specify the “manner of conviction.” Rather, that notion crept into Ohio jurisprudence recently, through State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, where we attempted to explain the meaning of that rule. For purposes of the finality of a judgment of conviction, the manner of conviction is not a requirement; rather, Crim.R. 32(C) requires the judgment of conviction to set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Nothing more.

*1233
State v. Baker

{¶ 14} In State v. Baker, we declared that “[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court.” Id. at syllabus.
{¶ 15} Explaining that language in Baker, we further stated that “a trial court is required to sign and journalize a document memorializing the sentence and the manner of conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial.” (Emphases added.) Id. at ¶ 14.
{¶ 16} In an attempt to guide trial judges in their efforts to comply with Crim.R. 32(C), Baker used the phrases “the manner of conviction,” “a finding of guilt based upon a bench trial,” and “a guilty verdict resulting from a jury trial,” which inferior courts interpreted as additional requirements for the entry of a final order; in fact, setting forth the manner of conviction in a judgment of conviction is not a Crim.R. 32(C) requirement. Baker therefore inadvertently spawned litigation regarding the finality of a judgment of conviction. See, e.g., State v. Mitchell, 187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157 (holding that a judgment of conviction that does not comply with Baker is not a final appealable order); State v. Tuggle, Lucas App. No. L-09-1317, 2010-Ohio-4162, 2010 WL 3449245, ¶ 4 (“appellant’s original appeal is a legal nullity, and this appeal following resentencing is appellant’s first appeal as of right”).
{¶ 17} Significantly, Crim.R. 32(C) was amended following our decision in Baker to add a comma between the words “verdict” and “or findings,” which helps to clarify the rule. 122 Ohio St.3d C.
{¶ 18} We should clarify Baker to explain that the reference to the manner of conviction is not an additional Crim.R. 32(C) requirement for the entry of a final appealable order and that a judgment of conviction requires the plea, the verdict, or findings, upon which each conviction is based, and the sentence. On its face, Crim.R. 32(C) requires nothing more.
Conclusion
{¶ 19} Crim.R. 32(C) provides that a judgment of conviction in a criminal case must set forth “the plea, the verdict, or findings, upon which each conviction is based, and the sentence.” Accordingly, nothing more is needed to constitute a final appealable order, and our statement in Baker that trial courts must specify the manner of conviction by way of jury verdict or bench trial is mere explanatory surplusage but is not a requisite to establish a final appealable order.
*1234 {¶ 20} The proponents seeking a writ of prohibition have the burden of demonstrating that the trial court patently and unambiguously lacked jurisdiction to enter the judgment of acquittal. State ex rel. Mayer v. Henson, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12 (“If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions”). Here, the proponents have satisfied their burden of proof.
{¶ 21} The 1994 judgment of conviction met the directives of Crim.R. 32(C) and constituted a final appealable order because it included a statement that Smith had been found guilty of multiple charges and imposed sentence. Thus, the trial court in 2009 patently and unambiguously lacked jurisdiction to enter a judgment of acquittal in Smith’s case. See State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19 (explaining that trial courts lack authority to reconsider valid final judgments in criminal cases).
{¶ 22} Nonetheless, here I would grant reconsideration of our earlier decision because the 1994 judgment of conviction complied with Crim.R. 32(C), and thus we had no need to grant a writ compelling the trial court to issue a new entry indicating the manner of conviction in this case. Accordingly, the court should vacate State ex rel. DeWine v. Burge, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, and, for the reasons stated in this opinion, issue a writ of prohibition compelling the trial court to vacate the judgment of acquittal. Resentencing is not necessary because the original judgment complied with Crim.R. 32(C).