[Cite as *State v. McCall*, 2011-Ohio-6368.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MA 102 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DAMON L. McCALL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 90 CR 493

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:     Damon Luell McCall, Pro se
#233-304
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio  44901

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  December 9, 2011

WAITE, P.J.

{¶1}     Appellant Damon McCall shot and killed Hayel Al-Hadid and wounded Aref Al-Mawadieh in Steve's Super Saver in Youngstown on July 19, 1990.  Appellant was convicted and sentenced on aggravated murder, felonious assault, and aggravated robbery on April 4, 1991.  The conviction and sentence were upheld on appeal to this Court.  *State v. McCall* (May 3, 1993), 7th Dist. No. 91 C.A. 66.  On February 19, 2010, Appellant filed a motion for a new sentencing judgment entry that would comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.  The *Baker* decision interpreted Crim.R. 32(C), which requires that a "judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence."  *Baker* held that for a sentencing judgment to be a final appealable order it must contain:  "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."  Id. at syllabus.  Appellant alleged that his original sentencing judgment entry did not comply with *Baker* and was not a final appealable order.  The trial court agreed with Appellant and issued an amended judgment entry on June 9, 2010.  Appellant has filed a pro se appeal of that judgment, arguing that his previous appeal has no res judicata effect since the original sentencing entry filed in 1993 is void.  He now argues for the first time that his indictment was defective and created reversible error.  Based on recent caselaw from the Ohio Supreme Court, we conclude that Appellant's argument is barred by res judicata.  The judgment of the trial court is affirmed.

ASSIGNMENT OF ERROR

**{2}** "STRUCTURAL ERROR RESULTED WHERE APPELLANT WAS DEPRIVED OF HIS RIGHT TO GRAND JURY INDICTMENT, TO DUE PROCESS AND A FAIR TRIAL PURSUANT TO ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT [SIC] TO THE U.S. CONSTITUTION WHERE INDICTMENT(S) UPON WHICH APPELLANT WAS TRIED, CONVICTED AND SENTENCED OMITTED ESSENTIAL ELEMENTS OF OFFENSES SOUGHT TO BE CHARGED."

**{3}** Appellant is seeking to re-appeal the merits of his conviction, despite the fact that we affirmed his conviction on May 3, 1993. His attempt is based on the argument that his original sentencing judgment entry was void ab initio. He relies on *State v. Baker*, supra, which held that a sentencing judgment entry is not a final appealable order under Crim.R. 32(C) unless it contains the means or manner of conviction (whether based on a guilty plea, a no contest plea upon which a court has made a finding of guilt, a guilty verdict resulting from a jury trial, or a guilty verdict resulting from a bench trial), as well as the sentence, the signature of the judge, and entry on the journal by the clerk of court. The state appears to concede that a *Baker* error did occur in the original sentencing entry. Although *Baker* has been somewhat modified by the Supreme Court recently in *State v. Lester*, Slip Opinion No. 2011-Ohio-5204, we will assume arguendo that *Baker* is applicable, here. Ohio courts have been struggling to reconcile the holding of *Baker*, which invalidated many criminal sentences based on noncompliance with the rules governing final

appealable orders, with that of *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, which created a distinction between "void" and "voidable" judgments arising from sentencing errors. *Bezak* held that a sentence in which the trial court is required to notify the defendant of post-release control, but does not, is a void sentence requiring a new sentencing hearing and a new sentencing judgment entry. It was quickly apparent in subsequent appellate cases that the *Bezak* logic likely applied to Crim.R. 32(C) and *Baker* problems as well. These cases raised the likelihood that all cases involving *Baker* errors were now void, creating endless litigation dealing with noncompliant sentencing entries that, theorectically, should not have been reviewed on appeal because they were not final appealable orders.

{4} Two recent Ohio Supreme Court cases have effectively eliminated the *Bezak* quagmire. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court concluded that a void sentence may be reviewed by an appellate court, and that the doctrines of the law of the case and res judicata apply to subsequent review of the case after the sentencing error is corrected:

{5} "Fischer's theory is that because the trial court did not properly apply postrelease-control sanctions, his sentence was void under *Bezak*. Because his sentence was void, he contends, there was no sentence, and without a sentence, no conviction and no final order. In Fischer's view, the absence of a conviction means the absence of a final, appealable order, and the absence of such an order deprived

the court of appeals of its jurisdiction over the initial appeal, thereby rendering that appeal invalid. The argument, though creative, fails.

**{6}** "Nothing in *Baker* discusses void or voidable sentences. Rather, the syllabus speaks only to the requirement that the judgment of conviction set forth 'the sentence' in addition to the other necessary aspects of the judgment. The judgment in this case did set forth the sentence. The fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is 'contrary to law.' Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable." (Citiations omitted.) Id. at ¶38-39.

**{7}** *Fischer*, although not entirely overruling *Bezak*, prohibited courts from applying *Bezak* to cases involving sentencing errors arising from Crim.R. 32(C) and *Baker* issues. Furthermore, *Fischer* acknowledged that res judicata applies to convictions that were reviewed by an appellate court, even though the sentencing judgment entry on appeal contained a *Baker* error. *Fischer* at paragraph one of the syllabus. "The court of appeals correctly ruled that Fischer, having already had the benefit of one direct appeal, could not raise any and all claims of error in a second, successive appeal. * * * In light of our holding, the court of appeals in this case correctly held that Fischer's remaining claims, which did not involve a void sentence or judgment, were barred by res judicata." *Fischer* at ¶33–36. "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still

applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

**{8}** "We therefore hold that void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack. We further hold that although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." Id. at ¶40.

**{9}** In *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, the Ohio Supreme Court reaffirmed *Fischer*. It held that a *Baker* error was a clerical error and that the remedy for the error was the issuance of a corrected sentencing entry. Id. at ¶18. *Burge* reaffirmed that a sentencing entry that failed to comply with *Baker* did not deprive a court of appeals from reviewing the underlying conviction: "Any failure to comply with Crim.R. 32(C) was a mere oversight that vested the trial court with *specific, limited jurisdiction* to issue a new sentencing entry to reflect what the court had previously ruled and not to issue a new sentencing order reflecting what, in a successive judge's opinion, the court should have ruled. These circumstances are thus distinguishable from egregious defects, such as an entry that is not journalized, that permit a court to vacate its previous

orders. Moreover, the technical failure to comply with Crim.R. 32(C) by not including the manner of conviction in Smith's sentence is not a violation of a *statutorily* mandated term, so it does not render the judgment a nullity." (Emphasis in original.) *Burge* at ¶19.

**{10}** Given the Supreme Court of Ohio's intervening decisions in *Burge* and *Fischer*, Appellant cannot relitigate issues that were either raised, or should have been raised, in his earlier direct appeal. "Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. The trial court's reissuance of the sentencing judgment entry on June 9, 2010, based on a perceived *Baker* error, did not nullify our previous judgment affirming Appellant's conviction in full. Appellant could have raised errors dealing with the indictment, but did not, in his direct appeal. He cannot attempt to litigate those errors now.

**{11}** Further, even if Appellant was not barred from raising his argument on appeal, it would be overruled. Appellant argues that counts one and three of the indictment fail to adequately apprise him of his crimes by failing to specify a culpable mental state, even though the indictment tracks the language of the statutory sections under which he is charged. Appellant relies primarily on *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, in support, but that case has been

overruled by *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26. *Horner* held that: "An indictment that charges an offense by tracking the language of the criminal statute is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state." Id. at paragraph one of the syllabus.

**{12}** For the aforementioned reasons, Appellant cannot now challenge the validity of his indictment when he failed to raise this error on direct appeal. The fact that the trial court reissued Appellant's sentencing judgment entry due to a *Baker* error does not provide a second opportunity to challenge the underlying conviction after that conviction was upheld by us some eighteen years ago. The case on which Appellant bases his argument, i.e., *State v. Colon*, has been overruled by the Ohio Supreme Court. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs in judgment only.