[Cite as *State v. Hach*, 2012-Ohio-2603.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

THOMAS R. HACH, aka THOMAS HURT

    Appellant

C.A. No.    26173

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 1993 03 0439

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

DICKINSON, Judge.

## INTRODUCTION

{¶1} Twelve years after he was convicted, Thomas Hach moved the trial court to resentence him to include the manner of his conviction in the judgment entry. In May 2011, the trial court issued a nunc pro tunc entry doing so, but Mr. Hach has argued that he did not receive notice of that entry. Therefore, five months later, he moved the trial court for the same relief, asking the trial court to "proceed to judgment." The trial court denied his motion, and he attempted to appeal. The attempted appeal is dismissed because this Court lacks jurisdiction to review the trial court's October 2011 entry.

## BACKGROUND

{¶2} In August 1999, a jury convicted Mr. Hach of eleven counts of rape and ten counts of gross sexual imposition involving a child. His original sentencing entry indicated that he was "found GUILTY at trial." This Court affirmed his convictions on appeal. *State v. Hach*,

9th Dist. No. 19772, 2001 WL 7381 (Jan. 3, 2001). In April 2011, Mr. Hach, acting pro se, moved the trial court for resentencing. Citing the January 2011 decision of the Ohio Supreme Court in *State ex rel. DeWine v. Burge*, 128 Ohio St. 3d 236, 2011-Ohio-235, the State argued that, although the sentencing entry did not comply with Criminal Rule 32(C), the remedy was not a de novo sentencing hearing but a corrected sentencing entry. On May 10, 2011, the trial court issued a nunc pro tunc entry indicating that the original sentencing entry should be amended to indicate that Mr. Hach was found "GUILTY AFTER JURY TRIAL." Mr. Hach did not appeal that entry.

{¶3} According to the trial court's certified docket, nothing was filed between May 10, 2011, and November 16, 2011, when Mr. Hach filed this appeal. The parties agree, however, that Mr. Hach has timely attempted to appeal a trial court ruling of October 25, 2011. According to the parties, in October 2011, Mr. Hach moved the trial court "to Proceed to Judgment." Mr. Hach has argued that he never received notice that the trial court had ruled on his April motion. The parties agree that the State opposed the motion to proceed to judgment, and the trial court denied it. Although the trial court's October 25, 2011, journal entry does not appear on the clerk's docket, a time-stamped copy of it appears in this Court's record as an attachment to Mr. Hach's notice of appeal. As there is no dispute about the essential facts surrounding the trial court's disposition of the motion, we will consider Mr. Hach's attempted appeal as though the motion, response, and journal entry were properly entered on the trial court's docket.

JURISDICTION

{¶4} Section 3(B)(2) of Article IV of the Ohio Constitution provides that courts of appeals "shall have such jurisdiction as may be provided by law" to review "judgments or final orders." Section 2953.02 of the Ohio Revised Code provides jurisdiction to courts of appeals to

review "the judgment or final order of a court of record inferior to the court of appeals" in all criminal cases except certain capital cases. The definition of "final order," as that term is used in Section 2953.02, is found in Section 2505.02(B) of the Ohio Revised Code. *See State v. Roberts*, 106 Ohio App. 30, 31 (2d Dist. 1957). Under that section, an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment" is a "final order." R.C. 2505.02(B)(1).

{¶5} In 2008, the Ohio Supreme Court explained Rule 32(C) of the Ohio Rules of Criminal Procedure in *State v. Baker*, 119 Ohio St. 3d 197, 2008-Ohio-3330, by holding that a "judgment of conviction is a final appealable order under [Section] 2505.02 [of the Ohio Revised Code] when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Baker*, 2008-Ohio-3330 at syllabus. In *Baker*, the Court determined that "a trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." *Id.* at ¶ 14. Mr. Hach's original sentencing entry indicated only that he had been found guilty after trial without mentioning whether it was a bench or jury trial.

{¶6} "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Crim. R. 36. In January 2011, the Ohio Supreme Court held that "the technical failure to comply with [Criminal Rule] 32(C) by not including the manner of conviction in [the] sentence is not a violation of a statutorily mandated term, so it does not render the judgment a nullity." *State ex rel. DeWine v. Burge*, 128 Ohio St. 3d 236, 2011-Ohio-235, ¶ 9. "[T]he remedy for a failure to

comply with [Criminal Rule] 32(C) is a revised sentencing entry rather than a new hearing." *Id.* at ¶ 18. The Supreme Court explained that "[c]ourts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth." *Id.* at ¶ 17 (quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St. 3d 353, 2006-Ohio-5795, ¶ 19). Nunc pro tunc entries are often used to correct sentencing entries that, because of an oversight or omission, do not comply with Criminal Rule 32(C). *Id.*

{¶7} In October 2011, the Supreme Court modified *Baker* by holding that, "a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St. 3d 303, 2011-Ohio-5204, ¶ 14. The Court held that a judgment entry of conviction that does not indicate the manner of conviction could be corrected sua sponte or at the request of a party, "[b]ut the fact that a defendant may be entitled to a revised order setting forth [that] inadvertently omitted term . . . does not prevent an original order that conforms to the substantive requirements of [the Rule] from being final." *Id.* at ¶ 16.

{¶8} When the trial court entered its judgment of conviction and sentence in 1999, the order was final and appealable despite the fact that it did not indicate that Mr. Hach was found guilty by a jury. Mr. Hach appealed that judgment, and this Court affirmed his convictions in 2001. *State v. Hach*, 9th Dist. No. 19772, 2001 WL 7381 (Jan. 3, 2001). He was entitled to a revised order setting forth the fact that he had been found guilty by a jury, but that defect in form did not affect the finality of his original sentencing entry. The trial court issued a revised entry via nunc pro tunc in May 2011. The nunc pro tunc entry, issued for the sole purpose of complying with Criminal Rule 32(C), was "not a new final order from which a new appeal may

be taken." *State v. Lester*, 130 Ohio St. 3d 303, 2011-Ohio-5204, paragraph two of the syllabus. Thus, even if Mr. Hach had received the entry in a timely manner, it was not appealable.

{¶9}   In October 2011, when Mr. Hach moved the trial court to proceed to judgment, his final judgment entry met the requirements of Criminal Rule 32(C).  The trial court's ruling on his October 2011 motion did not affect Mr. Hach's substantial rights.  See R.C. 2505.02. Therefore, the October 2011 entry from which Mr. Hach has attempted to appeal is not appealable, and this Court is without jurisdiction to consider the merits of his argument.  R.C. 2953.02, 2505.02(B).

### CONCLUSION

{¶10}  Mr. Hach has attempted to appeal from a trial court entry that is not appealable. This attempted appeal is dismissed.  The clerk of courts is directed to correct the docketing errors discussed in the "Background" section of this opinion.  *See* App. R. 9(E).

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

THOMAS HACH, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.