[Cite as *State v. Davis*, 2014-Ohio-4122.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 13CA0104-M |
|---|---|

Appellee

v.

ERIC DAVIS

Appellant

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE Nos. 6777 (80CR0229)
6852 (81CR0001)

DECISION AND JOURNAL ENTRY

Dated: September 22, 2014

MOORE, Judge.

{¶1} Defendant, Eric Davis, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms, but remands this matter for the limited purpose of the issuance of a nunc pro tunc entry complying with the requirements of Crim.R. 32(C).

I.

{¶2} In 1981, Mr. Davis was convicted of multiple offenses, including counts of murder, arson, and aggravated burglary. Mr. Davis appealed, and this Court affirmed his convictions. *State v. Davis*, 4 Ohio App.3d 199 (9th Dist.1982).

{¶3} In 2013, Mr. Davis filed a motion in the trial court asking the court to vacate his sentencing entry, which he argued was void for failing to contain the manner of conviction: that he was found guilty by a jury. The trial court denied the motion in an entry dated December 5, 2013.

{¶4}    Mr. Davis filed a notice of appeal from the December 5, 2013 entry, and he now raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

> [MR.] DAVIS ARGUES THAT HIS []STATE AND FEDERAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN THE COURT'S JUDGMENT ENTRY DOES NOT COMPLY WITH THE DICTATES THUS FOUND IN CRIM.R. 32(C) WHICH RENDERS SAID ENTRY VOID[.]

{¶5}    In his sole assignment of error, Mr. Davis argues that the trial court erred in denying his motion to vacate because his sentencing entry did not constitute a final appealable order in that it failed to provide the means of conviction.

{¶6}    In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus, the Ohio Supreme Court held that a judgment of conviction is a final appealable order when it complies with Crim.R. 32(C) by setting forth, "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."  The Court clarified that "Crim.R. 32(C)'s phrase 'the plea, the verdict or findings, and the sentence'" requires a trial court "to sign and journalize a document memorializing the sentence and *the manner of conviction*[.]"  (Emphasis added.)  *Id.* at ¶ 14.  However, in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 11-12, the Supreme Court determined that, although a judgment of conviction must contain the *fact of conviction* to be final, the omission of the *manner or means of conviction* does not affect the finality of the judgment.

{¶7}    Here, Mr. Davis argues that his judgment of conviction was not final because it did not contain the means of conviction.  Pursuant to *Lester*, this argument lacks merit.  Therefore, Mr. Davis' assignment of error is overruled.   However, our review of the judgment of

conviction here indicates that not only was the manner of conviction absent from the entry, the fact of conviction was not set forth within the entry.

{¶8}    In *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, at ¶ 23, the Supreme Court held that the remedy for correcting a sentencing entry that does not comply with Crim.R. 32(C) is to issue a corrected sentencing entry. *Id.* at ¶ 18, citing *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234.  The Court explained that this remedy was logical because "[t]he trial court and the parties all proceeded under the presumption that the sentencing entry for [the defendant] constituted a final, appealable order.  Any failure to comply with Crim.R. 32(C) was a mere oversight that vested the trial court with specific, limited jurisdiction to issue a new sentencing entry to reflect what the court had previously ruled[.]"  *Id.* at ¶ 19.  Pursuant to *Burge* at ¶ 23 and *Lester* at ¶ 36, Mr. Davis is entitled to a sentencing entry that complies with Crim.R. 32(C).

{¶9}    Therefore, Mr. Davis is entitled to a corrected sentencing entry that sets forth the fact and manner of conviction.  *State v. Hach*, 9th Dist. Summit No. 26173, 2012-Ohio-2603, ¶ 6-7 (judgment of conviction that omitted the manner of conviction could be corrected sua sponte by nunc pro tunc entry); *see also State v. Bonnell*, 8th Dist. Cuyahoga No. 96368, 2011-Ohio-5837, ¶ 18 (judgment of conviction that excluded fact and manner of conviction could be remedied through a nunc pro tunc entry).  We remand this matter for the trial court to issue such an entry.

### III.

{¶10}  Accordingly, Mr. Davis' sole assignment of error is overruled.  However, we remand this matter for the trial court to issue a nunc pro tunc entry that includes the fact and manner of conviction.

Judgment affirmed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ERIC DAVIS, pro se, Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.