[Cite as *State v. Lee*, 2018-Ohio-2497.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28713 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| ANDRE K. LEE | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2016-12-4254 |

DECISION AND JOURNAL ENTRY

Dated: June 27, 2018

CARR, Presiding Judge.

{¶1} Appellant, Andre Lee, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On December 10, 2016, Andre Lee was involved in a physical altercation with a woman at an apartment complex in Akron, Ohio. The scuffle occurred when the woman informed Lee that she did not want him to enter her apartment. When the woman went to a neighbor's apartment to call for help, Lee broke out the neighbor's window.

{¶3} On January 5, 2017, the Summit County Grand Jury indicted Lee on one count of aggravated burglary, one count of attempted burglary, and one count of assault. The grand jury subsequently returned a supplemental indictment charging Lee with one count of violating a protection order. After initially pleading not guilty to all of the charges, Lee entered a plea of guilty to the count of violating a protection order. The remaining charges were tried to a jury

where Lee was found guilty of assault. The jury found Lee not guilty of aggravated burglary and attempted burglary.

{¶4} The trial court imposed 180-day jail sentences on the counts of assault and violating a protection order and ordered that those sentences run concurrently with each other. The trial court further ordered that Lee's sentences in this case run concurrently with the 12-month prison sentence that had been imposed against him in a separate criminal case, Case. No. CR-2016-05-1526.

{¶5} On appeal, Lee raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT VIOLATED CRIM.R. 32(C) BY FAILING TO ISSUE A FINAL, APPEALABLE ORDER WITHIN ONE DOCUMENT.

{¶6} In his first assignment of error, Lee contends that the trial court failed to issue a final, appealable order in this matter because this Court must look at two separate journal entries in order to understand what happened with the second count in the indictment. This Court disagrees.

{¶7} In this case, the trial court issued its sentencing entry on June 30, 2017. In regard to the second count, the trial court inadvertently stated that the jury found Lee not guilty of "aggravated burglary" as opposed to attempted burglary as contained in the indictment. On August 1, 2017, the trial court corrected the clerical error by issuing a nunc pro tunc entry that stated, "…..; NOT GUILTY of the crime of ATTEMPTED BURGLARY, as contained in Count 2 of the Indictment; …"

{¶8} Lee's argument that the trial court failed to issue a final, appealable order because the trial court issued separate entries is without merit. Lee's argument pertains to the count of

attempted burglary. The jury found him not guilty of that charge. The Supreme Court has held that a sentencing entry "does not require a reiteration of those counts * * * for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings." *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, ¶ 2. Moreover, "[c]ourts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth[.]" *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 17, quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19. "A nunc pro tunc entry is often used to correct a sentencing entry that, because of a mere oversight or omission, does not comply with Crim.R. 32(C)." *Burge* at ¶ 17. Furthermore, a nunc pro tunc order relates back to the date of the original entry. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 15. Here, the trial court acted within its authority to issue a nunc pro tunc entry to correct the clerical error in the June 30, 2017 entry. As the nunc pro tunc entry related back to the initial sentencing entry, Lee's argument that the nunc pro tunc entry constituted a separate order is without merit.

{¶9} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED A LAY WITNESS TO TESTIFY THAT SHE BELIEVED THAT DEFENDANT WAS INTOXICATED, AND AS TO HOW SHE BELIEVED INTOXICATED PEOPLE BEHAVE.

{¶10} In his second assignment of error, Lee contends that his assault conviction should be reversed because the trial court erred by permitting a lay witness to testify regarding her perception of whether he was intoxicated and, further, to testify regarding her experience with intoxicated people. Lee contends that this evidence was prejudicial because it contradicted his self-defense claim at trial. This Court disagrees.

{¶11} Lee's second assignment of error concerns the testimony of S.H., a resident at the apartment complex where the incident occurred. On the evening of December 10, 2016, S.H. was lying in bed when she heard a woman "screaming and yelling for help." She looked out her front window and saw Lee pounding on a neighbor's window and acting belligerent. As she contacted a 911 dispatcher, S.H. watched as Lee broke out her neighbor's window "and then he just kind of dangled there on the window sill and eventually fell down to the ground." Lee came to rest in a garden, where he laid until the police and paramedics arrived.

{¶12} On cross-examination, defense counsel asked S.H. how she concluded that Lee was acting "belligerent" when her windows were closed and she did not actually hear Lee say anything. S.H. responded that her statement was predicated on her observation that he was "under the influence of something[.]" Defense counsel then questioned S.H.'s ability to make that determination given that she was not a medical professional.

{¶13} On redirect examination, the prosecutor asked S.H. if she had ever been around people who are under the influence of alcohol. S.H. responded, "[u]nfortunately, yes." The prosecutor subsequently asked, "What has been your experience as far as how they act?" Over the objection of defense counsel, S.H. responded, "Crazy, violent. * * * Belligerent, like I said. Stumbling, you know." Thereafter, the prosecutor inquired of S.H. whether, based on her experience, the person who punched out the window appeared to be intoxicated. S.H. answered in the affirmative and added that, on multiple occasions, she had seen Lee drinking around the neighborhood. S.H. clarified, however, that Lee's actions on the night of the incident were different than how he "normally" acts.

{¶14} Lee contends that the trial court erred by permitting a lay witness to testify regarding whether he was intoxicated. As an initial matter, "[i]t is generally accepted that

virtually any lay witness * * * may testify as to whether an individual appears intoxicated." *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 12, citing *Columbus v. Mullins*, 162 Ohio St. 419, 421 (1954). "An opinion with reference to intoxication is probably one of the most familiar subjects of nonexpert evidence, and almost any lay witness, without having any special qualifications, can testify as to whether a person was intoxicated." *Mullins*, 162 Ohio St. at 421-422. Thus, while Lee contends that S.H. was not permitted to testify regarding whether Lee was intoxicated because she is not a medical expert, this argument is without merit. Moreover, though Lee cites several cases, including this Court's decision in *In re O.H.*, 9th Dist. Summit No. 25761, 2011-Ohio-5632, in support of the proposition that a lay witness may not render a medical diagnosis, we see the instant matter as distinguishable. Here, S.H. merely testified that Lee was acting belligerent on the night of the incident and that he appeared to be intoxicated. Under these circumstances, the trial court did not err by permitting S.H. to testify regarding whether Lee appeared to be intoxicated.

{¶15} Lee further contends that the trial court erred by permitting S.H. to testify regarding her understanding of how intoxicated people behave. This argument is also without merit. Defense counsel opened the door to this line of questioning by disputing S.H.'s ability to recognize an intoxicated individual given that she was not a medical expert. *See generally State v. Kelley*, 9th Dist. Summit No. 24660, 2011-Ohio-4999, ¶ 31 (in rejecting a plain error challenge, this Court noted that where the defense opens the door to questioning regarding the victim's veracity on cross-examination, the State may explore that line of questioning on redirect examination.); *State v. Smith*, 9th Dist. Lorain No. 99CA007399, 2000 Ohio App. LEXIS 5161, *10 (Nov. 8, 2000)("defense counsel opened the door on cross-examination to the admission of evidence regarding Defendant's prior act of theft and this waives any objection to the evidence

of other acts"). Here, in response to defense counsel's line of questioning on cross-examination that S.H. was not qualified to identify an individual who was intoxicated, the State engaged in a line of questioning on redirect examination aimed at demonstrating that S.H. had been around individuals who were intoxicated. Thus, the trial court did not err by admitting this testimony.

{¶16} The second assignment of error is overruled.

III.

{¶17} Lee's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.