[Cite as *State v. Ludy*, 2011-Ohio-4544.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                                              :

                                  :        Appellate Case No. 24261

        Plaintiff-Appellee                      :

                                  :        Trial Court Case No. 07-CR-2497

v.                                                                 :

                                  :

CARY M. LUDY                                :        (Criminal Appeal from

                                  :        Common Pleas Court)

        Defendant-Appellant                :

                                  :

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of September, 2011.

. . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorneys for Plaintiff-Appellee

CHARLES L. GROVE, Atty. Reg. #0029144, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1} Ohio Crim.R. 32(C) requires, inter alia, that a judgment of conviction set forth the manner of conviction. Ludy had pled guilty to two counts of unlawful sexual

conduct with a minor.   He was sentenced to two years in prison on each count, to be served concurrently.   After Cary Ludy completed his sentence, the trial court filed a nunc pro tunc sentencing entry that corrected the original sentencing entry by setting forth the manner of Ludy's conviction, omitted from the original.   Ludy argues that the court lacked jurisdiction to correct the entry because he had completed the sentence. Ludy further argues that the court improperly used a nunc pro tunc entry to correct the original because the original is a nullity, since it failed to comply with Crim.R. 32(C). Based on the Ohio Supreme Court's explication of the law applicable here in *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, we conclude that the trial court did not err.   Therefore, we affirm.

{¶ 2} In late 2007, Ludy pleaded guilty to a pair of unlawful-sexual-conduct charges, and he was sentenced to prison.   The trial court also designated Ludy a sexually-oriented offender under Ohio's sex offender registration law.   But, the court also told Ludy that he would be reclassified as a Tier 2 sex offender on January 1, 2008, under the newly enacted S.B. 10.[1]

{¶ 3} In May 2010, after he had served his 2-year sentence, Ludy was charged, in case No. 2010-CR-01380, under S.B. 10's notification provision with failing to notify the sheriff that he was residing at a new address.   Ludy moved to dismiss the charge on the ground that he had no such notification duty.   He argued that his 2007 conviction was void because the sentencing entry failed to comply with Crim.R. 32(C) by omitting the manner of his conviction.[2]   The trial court overruled the motion to dismiss.   On August

---

[1]The pertinent paragraphs of the sentencing entry state:

"The Court finds defendant has been convicted of a sexually oriented offense(s) as defined by Ohio Revised Code 2950.01 AND therefore, the defendant is a sexually oriented offender.

"* * *

"The Court further advised the defendant that as of January 1, 2008 the defendant will be designated as a Tier 2 sex offender/child victim offender and advised the defendant of the corresponding registration requirement."

[2]The first paragraph of the November 2, 2007 sentencing entry states only, "The defendant herein having been convicted of the offense(s) of 2 COUNTS: UNLAWFUL

6, 2010, on the state's motion, the court entered a nunc pro tunc sentencing entry that set forth the manner of Ludy's conviction.[3]

**{¶ 4}** Ludy appealed from the nunc pro tunc entry.[4]

**{¶ 5}** "THE ENTRY FILED ON NOVEMBER 2, 2007, WAS NOT A VALID, FINAL APPEALABLE ORDER AND THEREFORE, CANNOT BE USED AS THE PREDICATE FOR A NEW CHARGE, AND EVEN AS AMENDED, THE TERMINATION ENTRY IMPERMISSIBLY DELEGATED THE CLASSIFICATION OF THE DEFENDANT."

**{¶ 6}** We must first delineate the scope of this appeal. Ludy did not directly appeal the original, November 2, 2007, sentencing entry. The present appeal is from the August 6, 2010 nunc pro tunc entry entered in the 2007 case. The scope of this appeal, then, is limited to issues concerning the lawfulness of the nunc pro tunc entry for what is apparently a predicate offense in Case 2010-CR-01380, which is not before us. With this limitation in mind, we turn to the sole assignment of error.

**{¶ 7}** In *DeWine*, the Court addressed the remedy for a sentencing entry that does not comply with Crim.R. 32(C) because it omits the manner of conviction. The Court said that such an error is treated as merely clerical. Id. at ¶17-18. A trial court has "specific, limited jurisdiction," said the Court, to remedy this error with a revised sentencing entry—a nunc pro tunc entry. Id. at ¶17-19. (Italics omitted.) A new hearing is not required. Id. at ¶18. The Court also said that, because omitting the manner of conviction is merely a

---

SEXUAL CONDUCT WITH A MINOR F3 was on November 1, 2007, brought before the Court."

[3] The first paragraph of the August 6, 2010 nunc pro tunc entry states, "The defendant herein *having pled guilty* to the offense(s) of 2 COUNTS: UNLAWFUL SEXUAL CONDUCT WITH A MINOR F3, and a judgment of guilt having been entered as to both counts, was on November 1, 2007, brought before the Court." (Emphasis added.)

[4] This court allowed Ludy to file a delayed appeal. At Ludy's request, the trial court continued Case No. 2010-CR-01380, pending the outcome of this appeal.

technical failure to comply with Crim.R. 32(C), "it does not render the judgment [of conviction] a nullity." Id. at ¶19. Therefore the trial court's use of the nunc pro tunc entry here was proper. We further note that clerical errors "* * * may be corrected by the court at any time." Crim.R. 36.

{¶ 8} The predicate-offense issue raised by the assignment of error is beyond the scope of this appeal. Consequently, we will not address it directly.

{¶ 9} In support of the error assigned in the alternative, in his merit brief, Ludy contends that the sentencing entry's implicit delegation of his reclassification under S.B. 10 is unlawful under *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, which held that the reclassification provisions in S.B. 10 violate the separation-of-powers doctrine. In his reply brief, though, Ludy contends that his reclassification is unlawful under *State v. Williams*, Slip Opinion No. 2011-Ohio-3374. In *Williams*, the Ohio Supreme Court concluded that S.B. 10's registration requirements are punitive, which means that they cannot be applied retroactively without running afoul of the Ohio constitution's prohibition of retroactive laws. See id. at ¶20. Therefore, the Court held that S.B. 10 violates the constitution as applied to any sex offender who committed an offense before the law's enactment. Id. at ¶21.

{¶ 10} While Ludy's reclassification likely is unlawful under *Williams*, the issue is not within the scope of this appeal, particularly since the lawfulness of his reclassification has never before been raised in this case. Moreover, we do not address whether Ludy's address reporting requirement under Ohio's version of Megan's Law is consistent with that under the version of the Adam Walsh Act. We note that all those issues would seem pertinent in the 2010 case charging Ludy with violating notification provisions, but they are best addressed first by the trial court.

{¶ 11} The sole assignment of error is overruled.

{¶ 12} The judgment of the trial court is affirmed.

. . . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Johnna M. Shia
Charles L. Grove
Hon. Dennis J. Langer