[Cite as *State v. Ludy*, 2013-Ohio-1820.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

    Plaintiff-Appellee                  :       C.A. CASE NO.    25242

v.                                      :       T.C. NO.    10CR1380

CARY M. LUDY                            :       (Criminal appeal from
                                               Common Pleas Court)
    Defendant-Appellant                 :

                                              :

           . . . . . . . . . .

**O P I N I O N**

Rendered on the _____3rd_____ day of _____May_____, 2013.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the Notice of Appeal of Cary Ludy, filed June 12, 2012.  Ludy appeals from his judgment entry of conviction on one count of failure to comply with the residential address change notification provisions of R.C. 2950.05. Ludy was sentenced to community control sanctions not to exceed five years.  We hereby

affirm the judgment of the trial court.

{¶ 2}    Ludy's May 14, 2010 indictment provides that on November 2, 2007, in Case No. 07CR2497, he was convicted of or pled guilty to unlawful sexual conduct with a minor.  Ludy entered a plea of not guilty, and on July 12, 2010, he filed his motion to dismiss.  In his motion, Ludy asserted that Case No. 07CR2497 "never resulted in a final, appealable order as is required, and therefore, no conviction which can be subsequently used as a predicate for a new charge."  Ludy asserted that his judgment entry of conviction in the underlying case failed to set forth the manner by which his conviction was obtained, namely by guilty pleas.  Ludy further asserted, in reliance upon *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 293 N.E.2d 573, that "the trial court in the previous case, impermissibly attempted to impose a 'Tier 2' designation."  The State responded that Ludy was entitled to a nunc pro tunc entry to correct his judgment entry of conviction, and that "*Bodyke* does not apply to the Defendant's circumstances."

{¶ 3}    Ludy's November 2, 2007 termination entry provides:

The defendant herein having been convicted of the offense(s) of 2 COUNTS: UNLAWFUL SEXUAL CONDUCT WITH A MINOR F3 was on November 1, 2007 brought before the Court;

* * *

The Court finds defendant has been convicted of a sexually oriented offense(s) as defined by Ohio Revised Code 2950.01 AND therefore, the defendant is a sexually oriented offender.

* * *

The Court further advised the defendant that as of January 1, 2008 the defendant will be designated as a Tier 2 sex offender/child victim offender and advised the defendant of the corresponding registration requirement.

{¶ 4} On August 3, 2010, the trial court overruled Ludy's motion to dismiss "for the reasons set forth on the record on July 27, 2010." On that date, the court indicated as follows from the bench:

That motion to dismiss is going to be overruled for the principal reason the Second District has just indicated this week that the *Bodyke* decision does not apply to a * * * Tier II designation which occurred in this case. Although in the abundance of caution, I think the Court indicated that this would be an SOO and, at the appropriate time, a Tier II, so.

And also any defect in the termination entry is going to be corrected the Court finds properly by a *nunc pro tunc* order which accurately reflects the transactions occurring and findings in open court.

And we'll put on an entry to the effect forthwith and look for - - and set the matter over for scheduling then for the defendant to decide his next move * * *.

{¶ 5} The trial court issued a nunc pro tunc judgment entry of conviction on August 6, 2010 that provides that Ludy pled guilty to two counts of unlawful sexual conduct with a minor. The nunc pro tunc entry also provides that Ludy is a sexually oriented offender and that "as of January 1, 2008 the defendant will be designated as a Tier 2 sex

offender/child victim offender."[1]

{¶ 6}    A bench trial was held on April 3, 2012, and Ludy filed a motion for acquittal pursuant to Crim.R. 29 at the close of the State's evidence, which the court overruled, and the defense then rested and renewed the motion, which was again overruled. In a post- trial memorandum, Ludy asserted that the nunc pro tunc entry issued by the trial court  was "legally insufficient to form the predicate for the instant offense and that the state did not properly prove a conviction."   Ludy also asserted that "any 'Tier II' classification is improper."   The State filed a memorandum in opposition, asserting that "it doesn't matter whether the defendant has a duty to notify as a Sexually Oriented Offender or a tier II offender, his duty does not change," and further asserting that Ludy "violated the notification statute."

{¶ 7}    On April 24, 2012, the court from the bench indicated as follows:

Matter is before the Court for a decision on the bench trial.  The Court finds that the  facts were largely undisputed; finds that the defendant failed to notify as previously required.  The Court finds that the prior- - the '07 case notification was - - advice was given as to both the prior law and the subsequent law.  So Defendant was provided with appropriate notice of his requirement to notify.

---

[1]We note that Ludy filed an appeal from the nunc pro tunc entry, and this Court affirmed the judgment of the trial court, determining that the trial court did not err in issuing the entry of August 6, 2010, since the error in omitting the manner of conviction in the 2007 entry was merely clerical, in reliance upon *State ex rel. DeWine v. Burge,* 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535.  *State v. Ludy,* 2d Dist. Montgomery No. 24261, 2011-Ohio-4544.

The Court finds that the indictment in this case was predicated upon not any - - upon his failure to register - - or excuse me - - failure to notify, not on his notification requirements.

\* \* \*

{¶ 8}    On April 26, 2012, the trial court issued a "Decision and Verdict Entry" which provides in part:

For the reasons stated for the record in open court on April 20, 2012 (sic), that the evidence was largely undisputed, that the *nunc pro tunc* entry filed effectively set forth what happened for purposes of the 2007 case in which Defendant was ordered to register and notify, because the conduct of the Defendant rather than a specific registration requirement, as explained in *State v. Huffman* 2010 OHIO 4755 (Second District)[2], formed the basis of the conviction in this case, and because though the statute under which the Defendant may have been initially required to register and notify was repealed, the Defendant and all those similarly previously ordered to register and notify would, by Defendant's reasoning, no longer be so required - which the Court finds anathema to legislative intent - the Defendant was accordingly found guilty of Failure to Register (sic), \* \* \*.

{¶ 9}    Ludy sets forth one assignment of error as follows:

---

[2]Huffman was reclassified in 2007 as a Tier I offender, and this Court determined that his reclassification has "no bearing" on the outcome of his prosecution for failure to notify, since he "was required to register once per year even before his reclassification from a sexually oriented offender to a Tier I offender." *State v. Huffman*, 2d Dist. Montgomery No. 23610, 2010-Ohio-4755.

"THE TRIAL COURT ERRED IN OVERRULING MR. LUDY'S MOTION TO DISMISS AND FINDING HIM GUILTY OF FAILURE TO NOTIFY."

{¶ 10} Ludy again asserts that his underlying judgment entry of conviction in the 2007 case cannot be used "as a predicate for a new charge." Ludy contests the validity of the nunc pro tunc entry as it "was filed after the indictment was filed," and it "was filed too late to serve as a judgment of conviction in this case." Ludy asserts that "where there is no final appealable order, there is no judgment of conviction," in reliance upon *State v. Baker*, 119 Ohio St. 3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus ("A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty pleas, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim.R. 32(C), explained.") Ludy further asserts that he was "not under any statutory duty to verify his current address or to register as required by O.R.C. 2950 as stated in his indictment," in reliance upon *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406 ("Without a doubt, an indictment is defective if it alleges violations of R.C. Chapter 2950 by a person who is not subject to that chapter. There is no set of circumstances under which such a person can violate the law's requirements.") Finally Ludy asserts that "the trial court erred in overruling his motion to dismiss the indictment and that his conviction and sentence for failure to provide notice of a change of address resulted from his unconstitutional classification under S.B. 10 as a Tier II sex offender."

{¶ 11} Crim.R. 12(C) governs pretrial motions. "Crim.R. 12 empowers trial courts to rule on 'any defense, objection, evidentiary issue, or request that is capable of

determination without the trial of the general issue.' Crim.R. 12(C)." *Palmer*, ¶ 22.

{¶ 12} As noted in footnote 1, this Court affirmed the nunc pro tunc entry issued by the trial court. We further note that *Baker*, upon which Ludy relies, has been modified. In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Supreme Court of Ohio determined as follows: "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker, * * * modified.)" Id.*, syllabus 1. As the State asserts, "Ludy's contention that he was entitled to a dismissal of the indictment herein for failure to notify on the basis that there is no valid prior sex offense conviction that requires him to adhere to Ohio's sex offender registration laws is without merit * * *."

{¶ 13} Regarding Ludy's assertion that he was improperly reclassified and accordingly is not subject to the notification requirements, as noted above, in 2007, the trial court classified Ludy as a sexually oriented offender[3], and the court further advised him that he would be designated as a Tier II sex offender pursuant to the Adam Walsh Act ("AWA"), effective January 1, 2008. The AWA, 2007 Am.Sub.S.B. 10, repealed Megan's Law, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601. In *Bodyke*, upon which Ludy relied below, the Ohio Supreme Court "declared unconstitutional the reclassification provisions of the AWA and held that the classifications and community-notification and registration orders imposed previously by judges pursuant to Megan's Law were reinstated."

---

[3]As the State asserts, Ludy's sexually oriented offender designation also attached as a matter of law. *See State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 504, ¶ 18.

*State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, ¶ 7, citing

*Bodyke*, ¶ 66. As the Ohio Supreme Court further noted in *Brunning*, pursuant to *Bodyke*,

"[o]nce reinstated, those orders operated prospectively from the time they were first

instituted. They related back to the time they were first imposed and continued in effect as

if they had never been changed." *Brunning*, ¶ 20. In other words, Ludy's initial

designation as a sexually oriented offender remains in effect. We note that *Palmer* is

distinct in that Palmer completed his sentence for sexual battery before July 1, 1997, and

"Megan's Law does not apply to 'a person whose prison term for a sexually oriented offense

was completed before July 1, 1997.'" *Palmer,* ¶ 25.

{¶ 14} Ludy's indictment herein charges a violation of R.C. 2950.05(A) and (F)(1),

namely the requirement to notify the sheriff of a change of address, and it states that Ludy's

duty to register any change of address was based upon his 2007 judgment entry of conviction

(which was properly corrected by the nunc pro tunc entry). The AWA version of R.C.

2950.05(A), as well as the relevant Megan's Law version, provide that offenders required to

register must provide written notice at least 20 days prior to changing their residence

address. R.C. 2950.05(F)(1) of the AWA provides: "No person who is required to notify a

sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify

the appropriate sheriff in accordance with that division." The Megan's Law version of the

relevant statute, R.C. 2950.05(E)(1), provides: "No person who is required to notify a sheriff

of a change of address pursuant to division (A) of this section shall fail to notify the

appropriate sheriff in accordance with that division."

{¶ 15} As noted by the Ohio Supreme Court in *Brunning*, "[t]hough styled

differently, the AWA and the pre-AWA versions are identical as to persons required to submit a change of residence address[.] * * * Both mention R.C. 2950.05(A), and both the current and former versions of R.C. 2950.05(A) require offenders to provide a 20-day notification of a change of residence address." ¶ 24.  While Ludy cannot be classified as a Tier II sex offender under the AWA, he is not relieved, as the State correctly asserts, of his duty to notify.  As  in *Brunning*, although Ludy was indicted for conduct that violated the AWA version of R.C. 2950.05, "the conduct described in the indictment also constituted a violation under the Megan's Law version of R.C. 2950.05, which [Ludy] was bound to follow.  The indictment set forth the elements of the charge under either version of the statute."  *Id*., ¶ 26.  In other words, Ludy's "conviction was predicated on a requirement that has never been declared unconstitutional and that [Ludy] has never been released from obeying: the requirement of notifying the sheriff of a change of address under the Megan's Law version of R.C. 2950.05."  *Id*., ¶ 27.

{¶ 16}  Since Ludy's indictment is sufficient to set forth the charge of failure to notify, the trial court did not err in overruling Ludy's motion to dismiss, Ludy's assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine
Lori R. Cicero
Hon. Gregory F. Singer