[Cite as *State v. Alston*, 2017-Ohio-2701.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No. 16CA010945 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK ALSTON | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 05CR067825 |

DECISION AND JOURNAL ENTRY

Dated: May 8, 2017

HENSAL, Presiding Judge.

{¶1} Mark Alston appeals judgments of the Lorain County Court of Common Pleas that denied his motion to vacate and correct void sentence and his motion for modification of sentence. For the following reasons, this Court affirms.

I.

{¶2} In 2005, a jury found Mr. Alston guilty of murder, aggravated robbery, having weapons under disability, felonious assault, and tampering with evidence as well as several firearm specifications. The trial court sentenced him to a total of 24 years to life in prison. This Court upheld his convictions on appeal. In March 2016, Mr. Alston moved to vacate and correct his sentence, arguing that it is void because it imposes post-release control for an unclassified special felony and does not impose it for his other offenses. A week later, Mr. Alston moved for modification of the degree of offenses charged, arguing that the trial court sentenced him for

offense levels that are higher than supported by the jury's verdicts. The trial court denied his motions. Mr. Alston has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING APPELLANT, MR. ALSTON'S MOTION PURSUANT TO CRIM. R. 47 AND CRIM. R. 36, CLERICAL MISTAKES, TO VACATE AND CORRECT VOID SENTENCE HEARING JUDGMENT ORDER RECORD ON 7/8/2005, THAT IMPOSES A 5 YEAR POST-RELEASE CONTROL FOR AN UNCLASSIFIED SPECIAL FELONY OF MURDER IN VIOLATION OF DEFENDANT, MR. ALSTON, FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION, AND SECTION 10 AND 16 ARTICLE I OF THE OHIO CONSTITUTION.

{¶3} Mr. Alston argues that his sentence is void because it imposes post-release control for his murder conviction, which is an unclassified special felony to which post-release control does not apply. He also argues that his sentence fails to impose post-release control for the offenses to which it does apply. Although the trial court sentenced Mr. Alston in 2005, the Ohio Supreme Court has held that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus.

{¶4} At sentencing, the trial court did not specifically indicate the offenses to which its imposition of post-release control applied. It merely told Mr. Alston that, upon his release, he would be placed on post-release control for five years. Five years is the correct length of post-release control for his aggravated robbery conviction, which is a felony of the first degree. R.C. 2967.28(B)(1). This Court has recognized that, if a court is sentencing for multiple convictions, its "imposition of one term of postrelease control is proper." *State v. Kracker*, 9th Dist. Summit

No. 25315, 2010-Ohio-5329, ¶ 6; *see* R.C. 2967.28(F)(4)(c) ("If an offender is subject to more than one period of post-release control, the period * * * for all of the sentences shall be the period * * * that expires last[.]").

{¶5} Upon review of the record, we conclude that the trial court correctly determined that it had to impose a five-year term of post-release control on Mr. Alston under Section 2967.28. There is nothing in the record that suggests that it imposed post-release control for Mr. Alston's murder offense instead of his aggravated robbery and other offenses. Mr. Alston's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR AND THE TRIAL COURT ERRED IN DENYING APPELLANT, MR. ALSTON'S, MOTION PURSUANT TO CRIM R.47 AND CRIM. R. 32(C), SENTENCE ENTITLEMENT OF MODIFICATION OF DEGREE OF OFFENSE DISCHARGED OF THE OFFENSES CHARGED IN THE APPELLANT, MR. ALSTON'S, ONE (1), COUNT INDICTMENT AND INCLUDED FOUR (4), COUNT SUPPLEMENTAL INDICTMENT WITH FOUR (4), COUNT FIREARM SPECIFICATION STATED IN THE JURY VERDICT FORM OF CONVICTION WAS NOT IN COMPLIANCE WITH R.C. 2945.75(A)(2), AND THE TRIAL COURT ENTERED A[N] UNLAWFUL SENTENCE ENHANCED ON THE GREATER OFFENSES ON ALL FIVE (5), COUNTS IN THE JURY VERDICT FORM IN VIOLATION OF THE APPELLANT, MR. ALSTON'S[,] FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION, AND SECTION 10 AND 16 ARTICLE I OF THE OHIO CONSTITUTION.

{¶6} Mr. Alston also argues that the trial court incorrectly denied his motion for modification of the degree of the offenses charged. According to Mr. Alston, his convictions are for higher offense levels than are supported by the jury's verdicts.

{¶7} "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the

determination of guilt and the lawful elements of the ensuing sentence." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at paragraph three of the syllabus.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶8} The trial court sentenced Mr. Alston in 2005 and this Court denied his subsequent appeal. Mr. Alston could have argued on direct appeal that the trial court convicted and sentenced him for higher offense levels than are supported by the jury's verdicts. We, therefore, conclude that his argument is barred under the doctrine of res judicata. Mr. Alston's second assignment of error is overruled.

III.

{¶9} Mr. Alston's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT


CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.

MARK ALSTON, pro se, Appellant.