[Cite as *State v. Alston*, 2017-Ohio-8616.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No.  17CA011146 |
| --- | --- | --- |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK ALSTON | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.  05CR067825 |

DECISION AND JOURNAL ENTRY

Dated: November 20, 2017

---

HENSAL, Presiding Judge.

{¶1}   Mark Alston appeals an order of the Lorain County Court of Common Pleas that denied his motion to vacate void sentence of conviction.  For the following reasons, this Court affirms.

I.

{¶2}   In 2005, a jury found Mr. Alston guilty of murder, aggravated robbery, having weapons under disability, felonious assault, and tampering with evidence as well as several firearm specifications.  The trial court sentenced him to a total of 24 years to life in prison.  This Court upheld his convictions on appeal.  In May 2017, Mr. Alston filed a motion to vacate void sentence of conviction, arguing that the trial court should vacate his sentence because the counts are allied offenses of similar import.  The trial court denied his motion.  Mr. Alston has appealed, assigning as error that the trial court incorrectly denied his motion to vacate.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT DID ERRED (SIC) IN DENYING APPELLANT MR. ALSTON'S, MOTION TO VACATE MR. ALSTON'S, VOID SENTENCE OF CONVICTION UNDER CRIM. R. 52(B), PLAIN ERROR, AND R.C. 2941.25(A), MULTIPLE COUNTS OF ALLIED OFFENSES OF SIMILAR IMPORT OF R.C. 2911.01(A)(1)(A)(3), AGGRAVATED ROBBERY, R.C. 2903.02(B), MURDER, R.C. 2903.11(A)(1)(A)(2), FELONIOUS ASSAULT, IN VIOLATION OF STATE V. WILLIAMS 2016-OHIO-7658.

{¶3}  Mr. Alston argues that the trial court incorrectly denied his motion to vacate because it sentenced him on allied offenses.  He also argues that, because of the error, his sentence is void.

{¶4}  "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised * * * on an appeal from that judgment."  *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus.  We note that Mr. Alston did not make his allied offense argument in either his direct appeal or his earlier post-judgment motion.  *State v. Alston*, 9th Dist. Lorain No. 05CA008769, 2006-Ohio-4152; *State v. Alston*, 9th Dist. Lorain No. 16CA010945, 2017-Ohio-2701.

{¶5}  The Ohio Supreme Court has held that, if a trial court imposes separate sentences on two offenses that it has determined are allied, the resulting sentence is void.  *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 28.  It explained in *Williams*, however, that, if "a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law, and any error must be asserted in a timely appeal or it will be

barred by principles of res judicata." *Id*. at ¶ 26, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8-9.

{¶6}    Mr. Alston has not directed this Court to any place in the record where the trial court found that his offenses are allied.  His sentence, therefore, is not void, even if the offenses are allied.  Upon review of the record, we conclude that Mr. Alston could have raised his allied-offenses argument on direct appeal and that it is now barred under the doctrine of res judicata. Accordingly, the trial court correctly denied Mr. Alston's motion to vacate.  Mr. Alston's assignment of error is overruled.

III.

{¶7}    Mr. Alston's assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

MARK ALSTON, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA GUERRIERI, Assistant Prosecuting Attorney, for Appellee.