[Cite as *State v. Fields*, 2018-Ohio-1605.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28667 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TERRANCE FIELDS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2013-12-3318 |

DECISION AND JOURNAL ENTRY

Dated: April 25, 2018

SCHAFER, Presiding Judge.

{¶1}     Appellant, Terrance Fields, appeals from the May 16, 2017 journal entry from the Summit County Court of Common Pleas denying his "motion to correct sentencing."  This Court affirms.

I.

{¶2}     Fields was indicted on several charges stemming from his conduct on November 27, 2013, and initially entered a plea of not guilty.  On March 4, 2014, pursuant to a negotiated plea, Fields retracted his plea of not guilty and entered a plea of guilty to the following charges in the indictment: amended count one, aggravated assault pursuant to R.C. 2903.12, a felony of the fourth degree; count two, having weapons while under disability pursuant to R.C. 2923.13(A)(3), a felony of the third degree; count three, carrying concealed weapons pursuant to R.C. 2923.12(A)(1)/(2), a felony of the fourth degree; count four, domestic violence pursuant to

R.C. 2919.25(A), a felony of the fourth degree. Pursuant to the plea agreement and the State's recommendation, the trial court dismissed the remaining charges in the indictment.

{¶3} Following a presentence investigation, the trial court held a sentencing hearing on April 9, 2014. At the hearing, the State asked the court to impose a sentence of twelve months in prison for count one—the aggravated assault—and indicated that the aggravated assault charge was for Fields' "firing the gun at [the victim] outside of house." Regarding count two, the State asked the trial court to impose a two-year prison term, and for count three, the State requested that Fields be sentenced to a year in prison. As to count four, the State asked the court to sentence Fields to twelve months in prison, and noted that the domestic violence charge was based on Fields's conduct in "grabbing [the victim], putting the gun to her head, and then lighting her hair on fire." The State requested that these sentences run consecutively, so that Fields receive a total prison term of five years. Fields argued that some form of programming would be a more appropriate sanction than prison.

{¶4} The trial court sentenced Fields to twelve months imprisonment on count one, two years imprisonment on count two, one year imprisonment on count three, and twelve months imprisonment on count four. The trial court ordered that the sentences in this case be served consecutively, for a total sentence of five years. The sentence was journalized in the trial court's April 18, 2014 entry. Fields did not appeal his sentence.

{¶5} On February 27, 2017, Fields filed a motion to correct sentencing. In the motion, Fields requested that the trial court "correct" the April 18, 2014 sentencing entry. Fields stated that he was sentenced to serve consecutive sentences on count one, aggravated assault, and count four, domestic violence. He argued that the trial court erred by imposing the consecutive terms

for those counts. Fields claimed, raising this argument for the first time, that these convictions were allied offenses of similar import and they should have been merged prior to sentencing.

{¶6} The State opposed the motion, contending that Fields waived the issue of merger because he did not timely raise it in this case and failed to challenge his sentence or allege sentencing errors in a direct appeal. Further, the State argued, in the alternative, that the facts of this case do not support Fields's theory of merger. As opposed to a single incident, the State noted that there were several incidents of criminal conduct underlying the charges in this matter.

{¶7} The trial court held a hearing on the motion on May 12, 2017. At the conclusion of the hearing, the trial judge made the following statement regarding Fields's argument:

> Well, the [c]ourt disagrees with you. I believe that they were not allied offenses of similar import. They were separate offenses which he can be separately charged and sentenced.
>
> So I'm going to overrule your motion, and you can file a notice for delayed appeal and possibly the Court of Appeals can weigh in on the issue as well.

The trial court overruled the motion in its May 16, 2017 journal entry. Rather than filing for a delayed appeal, Fields filed a notice of appeal from the May 16, 2017 journal entry.

{¶8} Fields presents one assignment of error for our review.

## II.

## Assignment of Error

**The trial court erred by imposing separate, consecutive sentences for Count 1 (aggravated assault) and Count 4 (domestic violence).**

{¶9} In his sole assignment of error, Fields argues that the trial court erred by imposing consecutive sentences for count one, aggravated assault, and count four, domestic violence. Although Fields has appealed the trial court's entry overruling the motion to correct sentencing entry, Fields's sole assignment of error and the accompanying argument is devoid of an actual

claim that the trial court erred in overruling the motion to correct sentencing entry. Instead, Fields's argument focuses exclusively on the sentencing order entered on April 18, 2014, nearly three years prior to Fields filing the motion to correct sentencing entry.

{¶10} Fields argues that this Court must review the trial "court's decision not to merge sentences" and claims that his sentence is unconstitutional and void. Fields's argument is premised on his contention that "the offenses of aggravated assault and domestic violence stemmed from a single incident of violence inflicted on one victim at one time." However, Fields failed to raise the issue of allied offenses to the trial court prior to the imposition of his sentence. He challenged neither the State's asserted factual bases for charging these offenses, nor the State's request for consecutive sentences[1]. Consequently, the trial court did not make a finding, prior to sentencing, as to whether the offenses of aggravated assault and domestic violence were allied offenses of similar import.

{¶11} The Supreme Court of Ohio has stated that "when the trial court concludes that the accused has in fact been found guilty of allied offenses of similar import, imposing separate sentences for those offenses is contrary to law and the sentences are void on the face of the judgment of conviction." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 29. "[T]he high court noted that a trial court's failure to merge offenses for purposes of sentencing, where the court has not previously found the offenses to be allied (either expressly or by merely failing to make such a finding), does not result in a void sentence, but rather a voidable one subject to challenge only on direct appeal." *In re D.M.*, 9th Dist. Medina No. 16CA0019-M, 2017-Ohio-232, ¶ 9, citing *Williams* at ¶ 23, 26. Accordingly, in a circumstance such as this where, prior to

---

[1] Fields did file a motion to reconsider after the trial court sentenced him. However, that motion did not assert any argument related to allied offenses, merger, or a sentence being contrary to law.

sentencing, there is no inquiry and the trial court makes no finding as to whether convictions are allied offenses, "any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *Williams* at ¶ 26, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 9.

**{¶12}** Fields did not file a direct appeal after the trial court imposed his sentence on April 18, 2014, and, consequently, res judicata precludes him from asserting those arguments in this appeal. Fields improperly attempts to use the May 16, 2017 journal entry overruling his motion as a means to obtain appellate review of alleged errors in the sentencing entry he failed to appeal. *See State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838, *3 (Nov. 2, 1995). "[T]he utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed)" or "bootstrapping" is "procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order." *Id*. citing App.R. 3(D), 4(A), 5 and 16(A)(3). Therefore, Fields cannot now use the motion to correct sentencing entry to present a belated attack on his sentence.

**{¶13}** Fields has not demonstrated any part of the record where the trial court made a finding that his offenses are allied. Therefore, he cannot demonstrate that his sentence imposed on April 18, 2014 is void *regardless* of whether the offenses are allied. *State v. Alston*, 9th Dist. Lorain No. 17CA011146, 2017-Ohio-8616, ¶ 6. Furthermore, because Fields failed to raise this argument in a direct appeal, he is now precluded by the doctrine of res judicata from asserting the argument. *Id*. We conclude that the trial court did not err in denying Fields's motion to vacate, and his assignment of error is overruled.

III.

{¶14}  Fields's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———————————————
JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

THOMAS M. DICAUDO and BENJAMIN R. SORBER, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.