[Cite as *State v. Alston*, 2020-Ohio-4258.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.    19CA011532 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK ALSTON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    05CR067825 |

DECISION AND JOURNAL ENTRY

Dated: August 31, 2020

SCHAFER, Judge.

{¶1}   Defendant-Appellant, Mark Alston, appeals the judgment of the Lorain County Court of Common Pleas denying three post-conviction motions.  For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings consistent with this decision.

I.

{¶2}   We previously summarized this case as follows:

On May 12, 2005, Defendant-Appellant Mark Alston was indicted for aggravated robbery, in violation of R.C. 2911.01(A)(1)/[(3)], with a firearm specification. [Alston] waived reading of the indictment and entered not guilty pleas to the charge and specification.  On May 26, 2005, a supplemental indictment was filed and [Alston] was charged with murder, in violation of R.C. 2903.02(B); having weapons under disability, in violation of R.C. 2923.13(A)(2)/[(3)]; tampering with evidence, in violation of R.C. 2921.12(A)(1); and felonious assault, in violation of R.C. 2903.11(A)(1)/[(2)].  All four counts in the supplemental indictment included firearm specifications.  [Alston] entered not guilty pleas to all charges in the supplemental indictment, including the firearm specifications.

* * *

A jury trial commenced on June 27, 2005.  On June 30, 2005, the jury returned its verdict and found [Alston] guilty of all five charges and their corresponding firearm

specifications. [Alston] was subsequently sentenced to an aggregate term of 24 years to life incarceration.

*State v. Alston*, 9th Dist. Lorain No. 05CA008769, 2006-Ohio-4152, ¶ 2-4.

In March 2016, Mr. Alston moved to vacate and correct his sentence, arguing that it is void because it imposes post-release control for an unclassified special felony and does not impose it for his other offenses. A week later, Mr. Alston moved for modification of the degree of offenses charged, arguing that the trial court sentenced him for offense levels that are higher than supported by the jury's verdicts. The trial court denied his motions.

*State v. Alston*, 9th Dist. Lorain No. 16CA010945, 2017-Ohio-2701, ¶ 2. On appeal, this Court affirmed the trial court's denial of the motions. *Id.* at ¶ 9.

{¶3} Alston again attempted to collaterally attack his sentence in 2017, filing "a motion to vacate void sentence of conviction, arguing that the trial court should vacate his sentence because the counts are allied offenses of similar import." *State v. Alston*, 9th Dist. Lorain No. 17CA011146, 2017-Ohio-8616, ¶ 2. The trial court denied the motion and Alston appealed. This Court affirmed. *Id.* at ¶ 7.

{¶4} In July 2019, Alston filed a motion for a final appealable order, a motion for resentencing, and a motion to correct sentence in the trial court. The court summarily denied all three motions.

{¶5} Alston filed this timely appeal, raising three assignments of error for our review.

II.

**Assignment of Error I**

**[The] trial court abused its discretion when it [denied Alston]'s motion for a final appealable order pursuant to [R.C. 2505.02].**

{¶6} In his first assignment of error, Alston contends that the trial court erred when it denied his motion for a final appealable order because the trial court's judgment of conviction is

contained in four separate journal entries, violating the Supreme Court of Ohio's one document rule in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330.  We disagree.

{¶7}    A judgment of conviction is a final appealable order pursuant to R.C. 2505.02 when it complies with Crim.R. 32(C).  *Id.* at ¶ 10.  Pursuant to former Crim.R. 32(C):

> A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence.  * * *.  The judge shall sign the judgment and the clerk shall enter it on the journal.  A judgment is effective only when entered on the journal by the clerk.

*Id.*, quoting former Crim.R. 32 (C).

{¶8}    The Supreme Court held in *Baker* that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."  *Id.* at syllabus.  The Supreme Court further held that the judgment of conviction is a single document.  *Id.* at ¶ 19; *compare State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 17 (holding that "[c]apital cases, in which an R.C. 2929.03(F) sentencing opinion is necessary, are clear exceptions to *Baker's* 'one document' rule.").  "Only one document can constitute a final appealable order."  *Baker* at ¶ 17.  Therefore, an argument that a sentencing entry fails to comply with the one-document rule is not precluded from appellate review by principles of res judicata, because res judicata cannot apply if the trial court never issued a final, appealable order.  *See State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, ¶ 3.

{¶9}    On July 8, 2005, the trial court issued a journal entry stating in its entirety, "DEFENDANT IN COURT WITH COUNSEL FOR SENTENCING: DEFENDANT SENTENCED TO PRISON; SEE SENTENCING JUDGMENT ENTRY."  That same day the trial court issued a judgment entry of conviction and sentence on July 8, 2005.  The trial court sentenced

Alston to nine years in prison for aggravated robbery, fifteen years to life for murder, three years for having weapons while under disability, three years for tampering with evidence, nine years for felonious assault. The trial court found that the firearm specifications for counts one, four, and five, were allied to the firearm specification attendant to count two and then sentenced Alston to three years on that specification. The court nolled the firearm specification attendant to count three. The trial court thereafter ordered the sentences for murder, having weapons while under disability, tampering with evidence, and the firearm specification to run consecutive to each other and that the sentences for aggravated robbery and felonious assault to run "concurrently to the other counts." In a journal entry dated July 8, 2005, and filed July 11, 2005, the trial court then purported to dismiss the firearm specification attendant to count two.

{¶10} The file contains a letter dated July 12, 2005, from the Ohio Department of Rehabilitation and Correction Bureau of Sentence Computation to the trial court judge. The letter states in part that the prison term imposed on Alston's felonious assault conviction (count five) was "not consistent with the felony degree." Presumably in response to this letter, the trial court filed a journal entry on July 21, 2005, purporting to amend the July 8, 2005 judgment of conviction and sentence, "NUNC PRO TUNC, TO REFLECT A SENTENCE OF SEVEN (7) YEARS ON COUNT 5, INSTEAD OF NINE (9) YEARS."

{¶11} First, a review of the July 8, 2005 journal entry stating Alston was in court with counsel for sentencing shows that the journal entry is no more than a record notation of the events that occurred in this case on July 8, 2005. Therefore, Alston's contention that this journal entry is a part of his judgment of conviction has no merit.

{¶12} Next, Alston's assertion that the trial court's separate journal entry purporting to dismiss the firearm specification attendant to count two is a part of his judgment of conviction is

also meritless. It is true that before a trial court can enter a final judgment, it must resolve every charge prosecuted against a defendant. *State v. Jackson*, 9th Dist. Summit No. 28625, 2018-Ohio-19, ¶ 12, quoting *State v. Ford*, 9th Dist. Summit No. 23269, 2006-Ohio-6961, ¶ 6. Nonetheless, the Supreme Court of Ohio has held that its decision in *Baker* requires only "a full resolution of those counts *for which there were convictions.* It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings." (Emphasis sic.) *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* 127 Ohio St.3d 29, 2010-Ohio-4728, ¶ 2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. No. 93814, 2010-Ohio-1066, ¶ 8. This Court has further concluded that "a journal entry that does not contain reference to counts that were *dismissed* or upon which the defendant was *acquitted,* does not render the journal entry invalid for lack of a final appealable order." (Emphasis sic.) *State v. Smead,* 9th Dist. No. 24903, 2010-Ohio-4462, ¶ 10. Consequently, the trial court's separate journal entry stating that the firearm specification attendant to count two was dismissed *after* noting in its journal entry of conviction and sentence that the specification was nolled, did not violate the one-document rule in *Baker* and could not have rendered the journal entry invalid for lack of a final appealable order in this case.

{¶13} Upon review of the record, we agree with Alston's contention that the trial court's purported nunc pro tunc entry issued July 21, 2008, was improper because the entry made a substantive change to his sentence. "'[N]unc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided."'" *State ex. rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 17, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, ¶ 14, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995). A review of the sentencing transcript shows that the trial court

pronounced a nine-year sentence on count five as was reflected in the original judgment of conviction and sentence. Consequently, the reduction from nine years to seven years was a substantive change to Alston's sentence regardless of whether the court was limited by statutory sentencing guidelines to impose no more than a seven years sentence in the first place.

{¶14} On appeal, Alston contends that because the order is not a proper nunc pro tunc entry of the July 8, 2005 judgment of conviction, one would have to consult two separate documents in order to determine Alston's judgment of conviction. However, because the trial court's purported nunc pro tunc was improper it could not have modified Alston's previously imposed sentence. Based on the discussion above, we conclude that Alston's judgment of conviction is contained within one document—the July 8, 2005 judgment of conviction. Therefore, the trial court did not err in denying Alston's motion for a final appealable order.

{¶15} Alston's first assignment of error is overruled.

## Assignment of Error II

**[The] trial court abused its discretion [when] it denied [Alston]'s motion to correct [judgment] as the sentence was void and contrary to law.**

{¶16} In his second assignment of error, Alston contends that the trial court erred when it denied his motion to correct judgment because his sentence was void. Alston argues that because the trial court improperly attempted to change his sentence for felonious assault nunc pro tunc, that the order was a nullity. He contends that because this order was a nullity, his nine-year sentence is still in place and because that sentence is void, the trial court erred in denying his motion. We do not reach the merits of Alston's contentions, however, because even assuming that his sentence was void, upon review of the record, we conclude this issue is moot.

{¶17} A matter is rendered moot when it seeks a judgment "upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing

controversy." *Harris v. City of Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 7, quoting *Culver v. City of Warren*, 84 Ohio App. 373, 393 (7th Dist.1948). The Supreme Court of Ohio has stated "neither [its] jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense. It is irrelevant whether the defendant is still in prison for other offenses. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 19 (overruled on other grounds).

{¶18} The trial court sentenced Alston to nine years in prison for aggravated robbery, fifteen years to life for murder, three years for having weapons while under disability, three years for tampering with evidence, and purported to sentence him to nine years for felonious assault. The trial court found that the firearm specifications attendant to the charges of aggravated robbery, tampering with evidence, and felonious assault were allied to the firearm specification attendant to the murder charge, and then sentenced Alston to three years on that firearm specification. The court nolled the firearm specification attendant to having weapons while under disability. The trial court thereafter ordered the sentences for murder, having weapons while under disability, tampering with evidence, and the firearm specification to run consecutive to each other and the sentences for aggravated robbery and felonious assault to run "concurrently to the other counts."

{¶19} The prison term for a firearm specification is mandatory and is required to be served prior to and consecutive to the sentence for the underlying charge. *See* former R.C. 2929.14(D)(1). Accepting that the trial court's attempted nunc pro tunc was not sufficient to correct his nine-year sentence of the felonious assault to accurately reflect a seven year sentence, and even assuming that the trial court's statement that Alston's sentence for felonious assault was to run "concurrently to the other counts" did not include the firearm specification, upon review, we conclude that Alston has served his entire sentence for felonious assault.

{¶20} Alston's second assignment of error is overruled.

**Assignment of Error III**

**[The] trial court abused its discretion when it denied [Alston]'s motion to correct [judgment] entry.**

{¶21} In his third assignment of error, Alston contends that the trial court erred when it denied his motion to correct his sentence because the July 8, 2005 judgment of conviction and sentence violates Crim.R. 32(C) by not stating whether he "was found guilty based upon a bench trial or as a result of a jury trial." Alston further contends that the trial court's failure to include his manner of conviction renders his sentence void.

{¶22} Although former Crim.R. 32(C) stated that the judgment entry should include the manner of conviction, the Supreme Court of Ohio held in *Lester* that its absence from the judgment entry did not affect the finality of the order. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 12. The *Lester* court stated that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at paragraph one of the syllabus. Nonetheless, "*Lester* held that the omission of the manner of conviction is a clerical error, which the trial court may correct through a nunc pro tunc entry." *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, ¶ 9.

{¶23} Consequently, we agree with Alston that his judgment entry does not comply with former Crim.R. 32(C) in so much as it does not specify whether he was found guilty following a jury trial or a bench trial. This error, however, does not affect the finality of Alston's judgment entry nor does it render his sentence void as he claims in this assignment of error. *See Burge*, 2011-Ohio-235, ¶ 19 ("[T]he technical failure to comply with Crim.R. 32(C) by not including the manner of conviction in [a] sentence is not a violation of a *statutorily* mandated term, so it does

not render the judgment a nullity.") We also note that, unlike the argument Alston raised in assignment of error two, this issue has not been rendered moot because the manner of his conviction remains relevant to the convictions and prison sentences he has not yet completed.

{¶24} However, Alston is entitled to a judgment entry that complies with Crim.R. 32(C). *State v. Davis*, 9th Dist. Medina No. 13CA0104-M, 2014-Ohio-4122, ¶ 8, citing *Lester* at ¶ 36 and *Burge* at ¶ 23. *See Lester* at ¶ 16 ("[I]f a judgment entry of conviction does not indicate how a defendant's conviction was effected * * * and if it is not corrected by the court sua sponte, * * * a party may obtain a correction to the judgment entry by a motion filed with the trial court to correct the judgment of conviction."). Therefore, we sustain Alston's third assignment of error in part and remand to the trial court to issue a judgment of conviction nunc pro tunc which states his manner of conviction with specificity. "In so doing, we are aware we are in some ways promoting form over function in this matter, as issuance of a new, corrected entry on remand does not give [Alston] the ability to directly appeal the corrected entry, because it does not create a new final, appealable order." *State v. Kemp*, 7th Dist. Mahoning No. 19 MA 0044, 2019-Ohio-5094, ¶ 25, appeal allowed on other grounds, 158 Ohio St.3d. 1409, 2020-Ohio-518.

III.

{¶25} Alston's first and second assignments of error are overruled. Alston's third assignment of error is sustained in part. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this decision

Judgment affirmed in part,
reversed in part,
and remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

 

 

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MARK ALSTON, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.